# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY RAY IRICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00737 |
| WARDEN TONY MAYS, | ) ) | JUDGE CAMPBELL |
| Defendant. | ) ) | |

## ORDER

Plaintiff Billy Ray Irick is scheduled for execution by lethal injection tomorrow, August 9, 2018, at 7 p.m. He commenced this case through the filing of a Motion to Proceed *In Forma Pauperis* and Application for Appointment of Counsel (Doc. No. 1), which the Court has granted (Doc. No. 2). Plaintiff has not yet filed a complaint.

Plaintiff has now filed a Motion for Leave to Serve Subpoena Duces Tecum ("the Motion"), in which he asserts that the State's lethal injection protocol requires independent testing of the compounded lethal injection chemicals and seeks discovery of the results of that testing. (Doc. No. 6.) He alleges that improperly prepared chemicals would result in a slow, torturous death. (*Id.* at 2–3.) Petitioner intends to challenge the constitutionality of the use of the drugs in his execution if they have not been tested pursuant to the protocol, or if test results indicate that they are not sterile or properly formulated. (*Id.* at 2.)

In his Response (Doc. No. 9), Defendant argues Plaintiff has asserted no valid legal basis for the relief he seeks and addresses each of the bases cited in Plaintiff's filings. Defendant points out that 28 U.S.C. § 1651(a) (All Writs Act) provides jurisdiction to issue a writ "necessary or appropriate in aid of" the federal courts' jurisdiction, and the subpoena

could not aid this Court's jurisdiction as no action is pending here, only a request for appointment of counsel. Defendant argues that the habeas provisions cited by Plaintiff, specifically 28 U.S.C. § 2241 and Habeas Rule 6, do not support his request because there is no habeas corpus petition pending in this Court, and Plaintiff would be required to obtain authorization from the Sixth Circuit in order to file a second or successive petition because he has already sought and been denied habeas relief. Even if a habeas petition were pending, Defendant argues, Plaintiff has failed to demonstrate "good cause" for his subpoena request as required by Habeas Rule 6. In addition, Defendant contends that Section 2241 provides no basis to challenge the manner by which the State will carry out an execution. Defendant argues that Plaintiff's reliance on 42 U.S.C § 1983 does not support Plaintiff's request because there is no action pending in this Court under the statute. Defendant argues that *McFarland v. Scott*, 512 U.S. 849 (1994) does not provide support for Plaintiff's request, as explained below. Finally, Defendant points out that the rule governing subpoenas, Fed. R. Civ. P. 45(a)(2), does not support Plaintiff's request because it provides for the issuance of a subpoena where the "action" is pending, and no "action" has been filed here.[1]

The Supreme Court case on which Plaintiff relies, *McFarland v. Scott*, *supra*, stands for the proposition that state inmates are entitled to appointed counsel for the purpose of

---

[1] Plaintiff asserts that the State's ability to delay its response by seven days to what it deems to be a request under the Tennessee Public Records Act, Tenn. Code Ann. § 10-7-503, necessitates emergency action by this court. (Doc. No. 7 at 1.) But the public record of recent state court proceedings to which Plaintiff is a party reflects that the Tennessee Department of Correction notified Plaintiff no later than July 23, 2018, of the method that it would use to carry out his execution. Order Dismissing With Prejudice, at 40, *Abdur'Rahman v. Parker*, No. 18-183-III (Davidson Chancery July 26, 2018). Had Plaintiff sought the test results at that time or shortly thereafter, instead of waiting until the evening of August 6—three days before his scheduled execution—the pending motion would not have been necessary. (*See* Doc. No. 7-1 at 2.)

2

investigating and preparing petitions for the writ of habeas corpus pursuant to 28 U.S.C. Section 2254. It does not support Plaintiff's claim that he is entitled to compel discovery prior to filing any petition or complaint, and Plaintiff does not cite any case in which this court or any other has applied *McFarland* in that fashion. Even if *McFarland* did authorize pre-petition discovery in a habeas corpus action, it would not apply here, where Plaintiff speculates that he might file a challenge to the particular method of his execution, as opposed to the validity of his death sentence. *See In re Campbell*, 874 F.3d 454, 462–64 (6th Cir. 2017) (holding that a constitutional challenge to a particular method of execution, as opposed to the constitutionality of the death sentence itself, does not constitute an "attack [on] the validity of the prisoner's conviction or death sentence," and must therefore be prosecuted in a civil suit pursuant to 42 U.S.C. § 1983 rather than through a habeas action).

Plaintiff's Motion and two Replies fail to set forth any legal right to discover the information requested, nor does Plaintiff provide the Court with the jurisdictional basis for issuing the requested order. Defendant correctly states in his Response that none of the bases set forth in the Motion provide the Court with jurisdiction to issue the subpoena.[2]

Notwithstanding the absence of a complaint, the Court acknowledges that the Rules "should be construed in all civil actions and proceedings in [this Court] to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court also understands that the circumstances of the case and the upcoming execution

---

[2] In his Reply, Plaintiff argues that Rule 27 provides a basis for allowing pre-suit discovery. In addition to the points raised in Defendant's Surreply (Doc. No. 12-1), Rule 27 is inapplicable for a simple reason: Rule 27(a) addresses only the taking of a deposition before an action is filed. Plaintiff's Motion does not seek a deposition, but instead seeks documents in the form of test results from Defendant. Rule 27(b) involves depositions pending an appeal. Rule 27 is inapposite to the discovery requested in Plaintiff's Motion.

date warrant some latitude with respect to compliance with the Federal Rules of Civil Procedure. Even though Plaintiff has not commenced an action under Rule 3, the Motion provides the Court some explanation of the claimed relevance of the information Plaintiff seeks.[3] But even reading the Motion liberally and without strict enforcement of Rule 3, the Motion seeks information on the theory that Defendant may not follow its own protocol concerning the preparation of chemicals to be used in the August 9, 2018 execution, which may result in an execution process that violates Plaintiff's constitutional rights. Plaintiff bases this argument on speculation about the compounding pharmacy's inability to follow the protocol. (Doc. No. 6 ¶ 13). Plaintiff further asserts his intention to challenge the constitutionality of the use of drugs in his execution that fail to comply with the protocol, assuming a failure exists.[4]

The Sixth Circuit ruled that discovery sought by parties who challenge a method of execution may be limited if the basis for the requested discovery is a "blind-faith effort[] to unearth the supposition of wrongdoing." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 238 (6th Cir. 2016). Further, Plaintiff "knows the drugs to be used under the current protocol" and "do[es] not dispute that — although [he] would like to [possess certain tests results] —

---

[3] Because Plaintiff has not filed a Complaint to initiate this action, as required by Federal Rule of Civil Procedure 3, the Court must determine on its own the relevance of requested discovery in the absence of an underlying claim for relief. Further, while the Motion seeks documents through a subpoena from a party, which ordinarily falls under Rule 34, the Court will construe the Motion as an expedited motion for the production of documents.

[4] Plaintiff's Supplemental Reply (Doc. No. 11) eschews Defendant's confidentiality concerns given the previous disclosure of the identity of the pharmacy. Because Plaintiff's Motion seeks only test results, any remaining confidentiality concerns may be handled by redaction should Defendant elect to provide the requested information voluntarily, as it purports to being considering in its Response. (Doc. No. 9 at 4 n.1).

4

those drugs are subject to compliance with adherence to federal and state laws and regulations." *Id.* at 239.

Moreover, there is no free-standing constitutional right for death row inmates to discover details underlying a state's execution of lawfully imposed death sentences. *Phillips v. DeWine*, 841 F.3d 405 (6th Cir. 2016). In *Phillips*, the Sixth Circuit considered the claim of several Ohio death row inmates that the state's refusal to provide them with information about the source of the drugs that would be used in their executions denied them "an opportunity to discover and litigate non-frivolous claims." *Id.* at 420. The court rejected that argument:

> But no constitutional right exists to discover grievances or to litigate effectively once in court. *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Hill v. Dailey*, 557 F.3d 437, 439 (6th Cir. 2009). The Plaintiffs have not pointed to any decision recognizing claims similar to the ones they propose. In fact, federal courts have repeatedly rejected such theories. *See Zink* [*v. Lombardi*], 783 F.3d [1112,] 1108–09 [(8th Cir 2015)]; *Wellons* [*v. Commissioner, Georgia Dep't of Corr.*], 754 F.3d [1260,] 1267 [(11th Cir. 2014)]; *Sepulvado v. Jindal*, 729 F.3d 413, 420 (5th Cir. 2013); *Williams v. Hobbs*, 658 F.3d 842, 852 (8th Cir. 2011); *Giarratano v. Johnson*, 521 F.3d 298, 306 (4th Cir. 2008); *see also Jones v. Comm'r, Georgia Dep't of Corr.*, 812 F.3d 923 (11th Cir. 2016) (Marcus, J., concurring in the denial of rehearing en banc) (rejecting an "abstract and inchoate due process right to discover the identity of the source of the drugs and the name of the executioner so that [an inmate] may challenge [a state's] execution protocol"). Therefore, the district court did not err in dismissing these claims.

*Phillips*, 841 F.3d at 420. Although the specific information Plaintiff seeks is not the same as that sought by the *Phillips* plaintiffs, the same reasoning applies to his asserted right to discover information "in order to preserve his right to challenge" the hypothetical use of "unsterile, impotent, or unbalanced drugs in his execution." (*See* Doc. No. 7 at 1.) Federal courts are to presume that state officials carry out their duties related to executions "in a careful and humane manner." *Cooey v. Strickland*, 589 F.3d 210, 224 (6th Cir. 2009) (quoting

*Louisiana ex rel Francis v. Resweber*, 329 U.S. 459, 462 (1947)). Lethal injection litigation "based on speculative injuries and the possibility of negligent administration is not only unsupported by Supreme Court precedent but is also beyond the scope of our judicial authority." *Cooey*, 589 F.3d at 225.

In sum, mere supposition that Defendant may fail to follow protocol does not warrant requiring Defendant to produce the requested records when Plaintiff fails to establish his right to those documents under the law. Accordingly, the Court **DENIES** Plaintiff's Motion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE